IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 16-00717-TUC-RCC (BGM) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Norberto Camarillo, | |
| Defendant. | |
| Norberto Camarillo, Sr., | |
| Third-Party Petitioner. | |

Pending before the Court is Norberto Camarillo Sr.'s Petition for Hearing for Reconsideration and Relief from Forfeiture of 2000 Ford F-250 Truck, VIN: 1FTNW21F5TEA70658 (Doc. 28) seeking relief from the Preliminary Order of Forfeiture entered by Magistrate Judge Bernardo P. Velasco on April 7, 2016. Prelim. Order of Forfeiture (Doc. 24). Pursuant to LRCrim. 57.6, this matter came before Magistrate Judge Bruce G. Macdonald for an evidentiary hearing and a report and recommendation. Accordingly, an ancillary hearing took place on June 13, 2016 consistent with 21 U.S.C. §853(n). Minute Entry 6/13/2016 (Doc. 35). Norberto Camarillo, Sr. was present and testified. The Government presented one witness, Border Patrol Agent Elizabeth Flores, and admitted five exhibits. The Magistrate Judge recommends that the District Court,

after its independent review, deny the Petition for Reconsideration, and affirm the Preliminary Order of Forfeiture.

## I.     FACTUAL BACKGROUND

### A.     *Defendant's 2015 Alien Smuggling Case*

On April 1, 2015, Norberto Leo Camarillo, Jr. ("Defendant"), drove a 2000 Ford F-250 pickup truck, VIN: 1FTNW21F5YEA70658, ("vehicle") near Amado, Arizona.   A search of the vehicle revealed three undocumented illegals hiding inside the bed of the truck. *United States v. Norberto Camarillo*, Case No. CR-15-777-TUC-RCC (BGM), Compl. (Doc. 1).   On April 22, 2015, Defendant pleaded guilty to a felony Information which charged Conspiracy to Transport Illegal Aliens for Profit.  *Id.*, Info. (Doc. 27).   As such, Defendant admitted that he knowingly agreed with at least one other person to Transport Illegal Aliens for Profit in violation of Title 8, United States Code, Section 1324.  *See id.*, Plea Agreement (Doc. 32).

On April 30, 2015, Norberto Leo Camarillo, Sr., ("Petitioner") filed a petition with the United States Customs and Border Protection ("CBP") in the administrative forfeiture proceeding stating he was the registered owner of the vehicle his son used to transport illegal aliens and he was unaware his son would be using the vehicle for illegal purposes. Case No. CR-16-717-TUC-RCC (BGM), Govt.'s Memo. Re Ancillary Hr'g (Doc. 31), Pet. for Relief from Forfeiture 4/23/2015 (Exh. "1").

On May 5, 2015, CBP granted the petition and the vehicle was returned to the Petitioner.  *See* Case No. CR-16-717-TUC-RCC (BGM), Govt.'s Memo. Re Ancillary Hr'g (Doc. 31), Hold Harmless Agreement 5/5/2015 (Exh. "2").  As a condition of CBP's

return of the vehicle, Petitioner signed a Hold Harmless Agreement, in which he agreed, *inter alia*, to the following condition:  "You will take all necessary precautions to ensure the property will not be used by you or anyone else in violation of the law and you will not allow Norberto Camarillo Jr. to use or take possession of the property. You will take all reasonable steps to prevent the illegal use of the property."  *Id.*

On October 29, 2015, Chief Judge Raner C. Collins placed the Defendant on probation for a term of five years and ordered him to pay a special assessment fee of $100. Case No. CR-15-777-TUC-RCC (BGM), Judgment (Doc. 56).

### B.      Defendant's Current Alien Smuggling Case

On March 24, 2016, while on probation, Defendant was again arrested by United States Border Patrol agents for Transportation of Illegal Aliens, in violation of Title 8, United States Code, Section 1324.  Case No. CR-15-777-TUC-RCC (BGM), Compl. (Doc. 1).  The Defendant was driving the same vehicle used in his first offense.  *Id.* Border Patrol searched the vehicle and five (5) undocumented illegal aliens were found concealed inside the vehicle.  *Id.*

On April 7, 2016, Defendant pleaded guilty before the Honorable Magistrate Judge Bernardo P. Velasco to an Information which charged Transportation of Illegal Aliens for Profit in the instant case.  Case No. CR-15-777-TUC-RCC (BGM), Minute Entry 4/7/2016 (Doc. 20).  At the time of the guilty plea, Judge Velasco also signed a Preliminary Order of Forfeiture ordering the defendant to forfeit the vehicle.  Case No. CR-15-777-TUC-RCC (BGM), Amended Info. (Doc. 17); Prelim. Order of Forfeiture (Doc. 24).

On April 18, 2016, Petitioner filed another petition with CBP in the administrative forfeiture proceeding requesting CBP consider his petition as he had no knowledge that the vehicle would be used again by his son to conduct illegal activity.  Case No. CR-16-717-TUC-RCC (BGM), Govt.'s Memo. Re Ancillary Hr'g (Doc. 31), Pet. for Relief from Forfeiture (Exh. "4").  On April 25, 2016, the United States Attorney's Office notified the Petitioner, via certified mail, that a Preliminary Order of Forfeiture was entered for the vehicle and detailed the procedure for filing a petition.  Case No. CR-16-717-TUC-RCC (BGM), Govt.'s Memo. Re Ancillary Hr'g (Doc. 31), Ltr. USDOJ to Camarillo 4/25/2016 (Exh. "5").  On April 28, 2016, CBP notified the Petitioner that his administrative petition was denied based on the fact that he allowed his son, Defendant, access to the same vehicle involved in the previous criminal act for which the Defendant was arrested on April 1, 2015.  Case No. CR-16-717-TUC-RCC (BGM), Govt.'s Memo. Re Ancillary Hr'g (Doc. 31), CBP Ltr. to Camarillo 4/28/2016 (Exh. "6").  CBP also referred to the Hold Harmless Agreement Petitioner signed on May 12, 2015, agreeing he would not allow the Defendant to use or take possession of the vehicle.  *Id.*

On May 17, 2016, Petitioner filed his petition requesting a hearing for reconsideration and relief from forfeiture of the vehicle that was seized from Defendant on March 24, 2016.   Pet. for Hr'g for Recon. and Relief from Forfeiture of 2000 Ford F-250 Truck, VIN: 1FTNW21F5TEA70658 ("Petition") (Doc. 28).

### C.    *The Ancillary Proceeding*

Petitioner Norberto Camarillo, Sr. testified at the ancillary proceeding that he holds title to the 2000 Ford F-250 pickup at issue in this case, as well as pays the insurance.

Petitioner further testified that the truck is his personal vehicle, although he primarily drives a company truck due to the long hours that he works. Petitioner also testified that his wife has a separate vehicle that she drives.

Petitioner testified that to his knowledge his son, Norberto Camarillo, Jr. ("Defendant"), had not used the Ford F-250 since his 2015 arrest until March 24, 2016, the date of his current arrest. Petitioner acknowledged that he had signed the Hold Harmless Agreement presented by CBP as a condition of the return of the Ford F-250 after Defendant's 2015 arrest. Petitioner also acknowledged that he understood the terms of that agreement. Petitioner further testified that on March 24, 2016, he was working out of town when his son informed him that he needed transportation to go to counseling as required by his probation. In light of this situation, Petitioner gave Defendant permission to use the truck for travel to and from his counseling session.

On cross-examination, Petitioner admitted that he was unaware of Defendant's alleged on-going probation infractions. Petitioner further acknowledged that he believed that his wife had been driving Defendant to various meetings and counseling sessions in compliance with his probation, but admitted that he was not home during those times and could not be certain of this. Petitioner also acknowledged that his son was unemployed in violation of the terms of his probation.

CBP Agent Flores also testified at the hearing. Agent Flores has worked for CBP for eight (8) years, and responded to the Santa Cruz County Sheriff's Department Deputies' request for assistance on March 24, 2016. Aside from the five (5) illegal aliens discovered in the Ford F-250, Agent Flores testified that on the date in question she

smelled a strong odor of marijuana in the vehicle and observed marijuana residue and zig zag papers on the console.  Agent Flores further testified that Defendant told her that he had smoked marijuana in the vehicle the day before.

## II.    ANALYSIS

Petitioner seeks the return of the Ford F-250 to him, as he is the actual owner of the vehicle.

### A.    *Ancillary Proceedings – Generally*

"[C]riminal forfeiture provisions operate *in personam* against the assets of the defendant and serve as part of the penalty for the defendant's conviction."  *United States v. Nava*, 404 F.3d 1119, 1124 (9th Cir. 2005) (citations omitted).  Section 853(n), Title 21, United States Code, "provides the process for vindicating a third party's interests in forfeited property."  *United States v. Lazarenko*, 476 F.3d 642, 648 (9th Cir. 2006).  It is well established law "that an ancillary proceeding constitutes the only avenue for a third party claiming an interest in seized property."  *Id.* (citations omitted).  As such, "[i]n a proceeding under § 853, 'the sole legal issue before the court is the ownership interests of the competing parties[.]'"  *Nava*, 404 F.3d at 1124 (citations omitted).  "Because the principal criminal forfeiture statute . . . acts *in personam*, it permits the forfeiture of the defendant's interests only, not the property of innocent parties."  *Id*. (citations omitted).

Section 982, Title 18, United States Code, provides that any person convicted of a violation of, or conspiracy to violate section 274(a) of the Immigration and Nationality Act shall forfeit to the United States any conveyance, including any vessel, vehicle, or

aircraft used in the commission of the offense of which the person is convicted.  18 U.S.C. § 982(6)(A)(i).  Section 853(n), Title 21, United States Code, "specifies the procedures under which third parties may assert their interests in the forfeited property."  *Nava*, 404 F.3d at 1125.  Section 853(n)(6) establishes petitioner's burden of proof and directs that:

> If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that –
>
> **(A)** the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> **(B)** the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;
>
> the court shall amend the order of forfeiture in accordance with its determination.

21 U.S.C. § 853(n)(6).

### B.    *Petitioner's Interest*

"[S]tate law determines whether Claimants have a property interest, but federal law determines whether or not that interest can be forfeited."  *Nava*, 404 F.3d at 1127 (citations omitted); *see also United States v. Alcaraz-Garcia*, 79 F.3d 769, 774 (9th Cir. 1996) ("Under 21 U.S.C. § 863(n)(6) the 'legal right, title or interest' of the third party is determined by state law").  As such, Arizona law defines Petitioner's ownership interest in the Ford F-250 pickup truck.  In Arizona, "[a] *prima facie* presumption of ownership arises from a certification of title."  *In re One 1983 Toyota Silver Four-Door Sedan, VIN #*

- 7 -

*JT2MX63E4D0004378*, 168 Ariz. 399, 402, 814 P.2d 356, 359 (Ct. App. 1991) (citations omitted).  This presumption is rebuttable, however.  *Id.*

Here, Petitioner has established that he holds title to the vehicle and pays the insurance for it.  As such, he has established a *prima facie* case for ownership under Arizona law.  Thus, the next question is whether under Arizona law, legal title is sufficient to establish ownership or is more required.

Arizona courts have recognized that title owners must also demonstrate that they hold more than "bare legal title" or "straw ownership," rather owners must exercise "dominion and control" over the property.  *See In the Matter of One Residence Located at 4030 W. Avocado, Cortaro Ridge, Lot 32, in Docket 8592, Page 1222*, 184 Ariz. 219, 908 P.2d 33 (Ct. App. 1995).  In the instant case, Petitioner testified that due to his work schedule he did not use the Ford F-250 pickup truck very often.  Petitioner also admitted his work schedule did not allow him to monitor his son on a daily basis and that much of this duty was done by Petitioner's wife.  Petitioner further testified that he was unaware that Defendant was non-compliant with his conditions of probation, and was using marijuana.  The Petitioner admitted that he knew a violation of the Hold Harmless Agreement would have negative consequences as to this vehicle.  Finally, Petitioner testified that he gave express permission to the Defendant to use the vehicle on March 24, 2016, fully aware that this was a violation of the Hold Harmless Agreement.  Moreover, Agent Flores testified that Defendant indicated that he had been driving the vehicle the previous day.  This would have occurred without Petitioner's knowledge.  In light of Petitioner's testimony, as well as that of Agent Flores, the Court finds that although

Petitioner was the title owner of the vehicle, he did not exercise dominion and control over it.  As such, under Arizona law his ownership interest is insufficient to meet his burden to show that on March 24, 2016, Petitioner's interest was superior to any right, title or interest of the Defendant.

## III.    CONCLUSION

In Defendant's first case, Petitioner was given the benefit of the doubt, and the vehicle was returned to Petitioner after he agreed that he would not allow the Defendant to use or take possession of the vehicle in order to prevent further criminal acts. Defendant was arrested less than a year later, while on probation for the first offense, using the same vehicle to once again transport illegal aliens.

Petitioner failed to take steps to insure the vehicle was not again used to commit illegal acts by Defendant. The Petitioner has not established by a preponderance of the evidence that he has a legal right, title, or interest in the property which renders the Preliminary Order of Forfeiture invalid. Therefore, the Magistrate Judge recommends that Petitioner's Petition for Hearing for Reconsideration and Relief from Forfeiture of 2000 Ford F-250 Truck, VIN: 1FTNW21F5TEA70658 (Doc. 28) be denied.

## IV.    RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Judge DENY Norberto Camarillo Sr.'s Petition for Hearing for Reconsideration and Relief from Forfeiture of 2000 Ford F-250 Truck, VIN: 1FTNW21F5TEA70658 (Doc.

28) .

Pursuant to 28 U.S.C. §636(b) and Rule 59(b)(2) of the Federal Rules of Criminal Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation.  No reply shall be filed unless leave is granted from the District Court.  If objections are filed, the parties should use the following case number: **CR-16-0717-TUC-RCC**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge in accordance with Fed. R. Crim. P. 59 may result in waiver of the right of review.

Dated this 6th day of July, 2016.

Honorable Bruce G. Macdonald
United States Magistrate Judge

Copy mailed to:

Norberto Camarillo, Sr.
Rio Rico, AZ
Petitioner